# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KYLE SKINNER, | ) | ID NO. 2101000522 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Submitted: February 16, 2023
Date Decided: March 8, 2023

*Upon the State's Motion for Reargument.* ***DENIED.***

## ORDER

Sehr M. Rana, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Kyle Skinner, *pro se*.

**SCOTT, J**

1

On this 8th day of March 2023, upon consideration of the State of Delaware's (the "State") Motion for Regargument, it appears that:

1. On December 21, 2022, Defendant Kyle Skinner ("Mr. Skinner") filed a Motion to Suppress. Mr. Skinner argued in his papers, the basis for the charge of the traffic violation should be suppressed. Mr. Skinner's suppression cites Won Sun v. California, "Deburry & Lolly v. State", and an allegation the Officer who stopped him violated NCCPD policy by not having safety equipment on. With Mr. Skinner citing *Won Sun*, the Court understood, like the State should have understood, Mr. Skinner's argument to be the stop was invalid, making the further search of his vehicle to also be invalid.

2. On January 17, 2023, Final Case Review was held. Mr. Skinner and the State were present. Mr. Skinner asked for discovery regarding the MVR in the Officer's vehicle that pulled him over. It was clear Mr. Skinner wanted clarification on whether the vehicle had MVR installed so he could prove if the stop was "right or wrong" and without footage the Officer could not show why Mr. Skinner was stopped.

3. On January 19, 2023, the State responded to Mr. Skinner's argument with three paragraphs contained on a singular page, writing less than Mr. Skinner's "scant" Motion. The response alleged no facts and read as follows:

The above-captioned defendant filed a Motion to Suppress on December 20, 2022. Please accept this letter as the State's response to the Motion filed by the Defendant.

In his Motion to Suppress, Defendant is alleging that the State has dismissed both the Driving Without a License and Turning Signal charges. This case was indicted on June 7, 2021, and of part of the indictment, State indicted a Failure to use a Turn Signal (Title 21, Section 4155(b)) count. However, State did not indict Driving Without a License.

In Addition, Defendant has alleged that there is Lolly Deberry issue in this case. The policy agency involved collected and preserved all evidence in this case. The evidence was then turned over to defense in discovery. Therefore, there is no evidence that the State failed to collect and/or preserve in this case

4. Given the lack of information in the State's response, the Court gave the State the opportunity to supplement its response by emailing the State and asking if the one-page response was the State's complete response. The State responded and confirmed the one-page response was the complete response.

5. On January 23, 2023, a Suppression was held. The State's Officer Witness testified there was a traffic stop based on Mr. Skinner failing to use a turn signal when turning left and Mr. Skinner was taken into custody for "marijuana found in the vehicle for the probable cause to search." The Motion was **GRANTED** because the State failed to meet its burden of proving a valid traffic stop and the State failed to show probable cause for the search. At no time during the hearing did the State ask to supplement the record.

6. On February 16, 2023, the State filed a Motion for Reargument. The State argues that because it focused solely on the Defendant's missing MVR implicated *Lolly & Deberry*, the Court should allow for reargument so the State can fully develop testimony and argument on the issue of an invalid stop and search of the vehicle. Further, the State argues "As this record was not before the Court, the Court was unable to consider these facts. Thereby, the Court did overlook some facts at issue as they were not before the Court. If the State presented facts relevant to a valid traffic stop followed up by a valid search of the vehicle, there is a strong probability that the decision of the Court would be different."

7. According to the rule prescribed for a Motion for Reargument, a response from Mr. Skinner was due on or before February 23, 2023. No response was provided to this Court.

8. On a Motion for Reargument under Superior Court Rule of Civil Procedure 59(e), as applies through Superior Court Rule of Criminal Procedure 57(d), the Court will determine from the motion and answer whether reargument will be granted and the only issue is whether the Court overlooked something that would have changed the outcome of the underlying decision.[1] Thus, the

---

[1] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) aff'd, 763 A.2d 90 (Del. 2000).

motion will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[2] A Motion for Reargument is not an opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised.[3] A party seeking to have the Court reconsider the earlier ruling must, "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[4] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[5]

9. Facts before the Court and clearly from the Final Case Review, the primary issue the State should have understood was the validity of the traffic stop. The State admits and this Court agrees, the State failed to present fully developed testimony and argument on the issue of an invalid stop and search. In fact, the reason for the Court's ruling on the Suppression is based precisely on the State's failure. Not only did the Statement presentation fail to provide the Court with adequate information, but also its one-page response to the

---

[2] *BRP Hold Ox, LLC v. Chilian*, 2018 WL 6432978, at *1 (Del. Super. Dec. 6, 2018) (quoting *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006)).
[3] *Kennedy*, 2006 WL 488590, at * 1.
[4] *Brenner*, 2000 WL 972649, at *1.
[5] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017)

Suppression failed to present facts related to Lolly & Deberry. Regardless of whether State misunderstood the issue, facts should be given in any response to a Suppression.

10. The Court did not misapprehend any facts presented to it. The Court's ruling was based on what the State presented at the Suppression hearing. A Motion for Reargument is not for the purposes of giving a party another chance to present what should have been presented initially.

11. For the foregoing reasons, State's Motion for Reconsideration is **DENIED.**

   **IT IS SO ORDERED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**
